**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS – BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LOZANO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| DOE, et al., | ) | Magistrate |
| | ) | |
| Defendants | ) | |

**MOTION OF JENNIFER SCARBOROUGH**
**TO QUASH THIRD-PARTY SUBPOENA AND FOR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 45(d)(3), non-party Jennifer Scarborough ("Ms. Scarborough") moves to quash the subpoena Plaintiffs Alexandra Lozano ("Plaintiff Lozano"), Angelyne Lisinski ("Plaintiff Lisinski"), Giulia Fantacci ("Plaintiff Fantacci") and Lauren Eagan ("Plaintiff Eagan") served upon her on August 23, 2022 which seeks her deposition and the production of documents in *Lozano, et al., v. Doe, et al.*, 2:22-cv-03089-ALM-KAJ, pending in the United States District Court for the Southern District of Ohio (Columbus), or, in the alternative, for a protective order limiting the scope of discovery to personal jurisdiction and excluding the phrase "arreglar sin salir." Ms. Scarborough further requests a protective order to delay discovery pending the ruling on this Motion to Quash.

The return date on the subpoena was Monday, September 12, 2022, at 10:00 AM in Harlingen, Texas.  On the day of service of the subpoena to Ms. Scarborough, Plaintiffs filed a Motion to Withdraw Plaintiff Eagan as a Plaintiff from the case, which was granted by United States Magistrate Judge Kimberly A. Jolson on August 24, 2022.

A copy of the subpoena served upon Ms. Scarborough is attached as Exhibit A; Ms. Scarborough's declaration is attached as Exhibit B; the Plaintiffs' Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference is attached as Exhibit C; the order granting leave

to serve third party subpoenas is attached as Exhibit D; and a copy of the initial Complaint is attached as Exhibit E. Ms. Scarborough respectfully requests the Court's speedy determination of this matter to provide clarity for all concerned regarding whether the subpoena is invalid and/or should be quashed.

Ms. Scarborough retained counsel in Ohio on August 30, 2022. Her counsel was traveling on business from August 31, 2022 through September 3, 2022, and the following Monday, September 5, 2022 was the federal Labor Day holiday. On September 6, 2022, counsel for Ms. Scarborough met and conferred with Plaintiffs' counsel to advise that Ms. Scarborough had an asylum trial in Utah on September 2, 2022, followed by a vacation camping off-the-grid" from September 3, 2022 through September 10, 2022, and thus she would be unavailable to appear for deposition on September 12, 2022. In addition, counsel for Ms. Scarborough expressed her concerns regarding the overbroad, burdensome and premature nature of the subpoena, and Plaintiffs' counsel offered an extension of one to two weeks, which was appreciated.

In response to Ms. Scarborough's concerns regarding burden and breadth, Plaintiffs' counsel proposed more specific social media, text and e-mail search protocols. Ms. Scarborough has reviewed the proposed search protocols, and considers them to be an unjustified "fishing expedition" and invasion of her privacy into her personal communications over several years, including her preparation for the filing of a bar complaint against Plaintiff Lozano. After further research, on September 16, 2022, Ms. Scarborough via her counsel offered to appear for deposition under a joint protective order limiting the discovery to the issue of personal jurisdiction and her contacts with Ohio. Counsel for Plaintiffs immediately and flatly refused that offer.

Ms. Scarborough hereby moves to quash the subpoena as the United States District Court for the Southern District of Ohio lacks personal jurisdiction over her, or, in the alternative, because

the subpoena is overly broad, unduly burdensome, and seeks information not relevant to the claims in the Plaintiffs' Complaint. Plaintiffs' counsel have indicated that Plaintiffs oppose any motion to quash the third party subpoena or a motion for a protective order to delay discovery. Alternatively, Ms. Scarborough requests that this Honorable Court issuing a protective order limiting the deposition and document discovery to the issue of personal jurisdiction, i.e., her contacts with Ohio and Plaintiff Lisinski, the sole Ohio Plaintiff, and excluding from discovery the catchphrase "arreglar sin salir."

## MEMORANDUM IN SUPPORT

### I.      BACKGROUND AND INTRODUCTION

In April of 2021, Ms. Scarborough, an immigration attorney who has at all relevant times resided in and been licensed in the State of Texas, filed a bar complaint with the Washington State Bar Association ("WSBA") against Plaintiff Lozano, an immigration attorney who has at all relevant times resided in and been licensed in the State of Washington, regarding the ethics of her business practices and her social media marketing. For most non-immigrants who enter the U.S. without inspection, they must leave the U.S. in order to regularize their immigration status, save for a limited number of exceptions. However, Ms. Lozano uses the tagline "arreglar sin salir" or "regularize your immigration status without leaving the country" heavily in her social media marketing, as though she can help most people to regularize their status without having to follow the normal process of leaving the U.S. The content of Plaintiff Lozano's social media marketing has been highly controversial within the immigration legal community and has been condemned by leading immigration attorneys across the United States, many of whom took to social media

themselves in order to clarify that when Plaintiff Lozano advised that undocumented members of the public can "arreglar sin salir", she was relying on narrow exceptions to the general rule that persons who have entered without inspection must depart the country in order to regularize their immigration status. Plaintiff Lozano's early ads did not contain disclaimers, and did not state that the exception is based on the Violence Against Women Act ("VAWA") which requires a finding of battery or extreme cruelty by a U.S. citizen or lawful permanent resident family member. Instead, Plaintiff Lozano's advertisements either did not represent that VAWA required an element of abuse or Plaintiff Lozano represented that "marital problems" or "rebellious" U.S. citizen children were sufficient for this relief.

In addition to deceptively marketing VAWA to a vulnerable community, Plaintiff Lozano's business practices involve what appears to be conflicts of interest. Plaintiff Lozano's husband, who is also the business manager of her firm, opened a psychological evaluation business called En Solidaridad. Plaintiff Lozano refers her clients to her husband's business for the psychological evaluations that she submits to immigration as part of her clients' VAWA cases. In a training video, Plaintiff Lozano said that her husband's psychological evaluation business charges $1,200 per evaluation.

On information and belief, Plaintiff Lozano charges these vulnerable individuals approximately $20,000 or more per VAWA case. Plaintiff Lozano has also trained and mentored numerous attorneys who use her "arreglar sin salir" catchphrase, and there are other attorneys who model their social media content after hers or use the "arreglar sin salir" catchphrase with or

without Plaintiff Lozano's permission (Plaintiff Lozano filed an application to trademark the phrase on July 15, 2022 that is pending, U.S. Patent and Trademark Office Serial Number 97504788, after a prior application filed on September 30, 2020 was abandoned).

In fact, Plaintiff Lozano's social media marketing content was so alarming to the immigration legal community that it resulted in the issuance of a five-page ethics advisory issued by the American Immigration Lawyers Association ("AILA") using a "hypothetical" based on the original content of that marketing.  The AILA ethics advisory is attached as Exhibit F.

The  WSBA ethics investigation into Plaintiff Lozano is ongoing through the present, and Ms. Scarborough was advised in August of 2022 by WSBA Senior Disciplinary Counsel Francesca D'Angelo that Plaintiff Lozano has failed to fully comply with the WSBA's January 14, 2022, request for documents related to her use of a for-profit psychological evaluation service owned by her husband, Manuel Lozano, which provided evaluations used as evidence in her submissions.[1] A copy of the WSBA's request is attached as Exhibit G. It is, at a minimum, ironic that Plaintiff Lozano seeks to utilize the courts to subpoena third parties for broad and burdensome deposition testimony and document production (without personal jurisdiction) while herself failing to produce documents to the WSBA relevant to its investigation for more than six months.

On August 10, 2022, Plaintiffs filed a Complaint against numerous unidentified Defendants in the Southern District of Ohio (Columbus), where only Plaintiff Lisinski resides and is licensed to practice law. Concurrently with the filing of the Complaint, Plaintiffs filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, which was granted by the court on August 12, 2022.

---

[1] It is not clear whether Plaintiff Lozano's husband has any relevant background in psychology or social work.

On August 23, 2022, Ms. Scarborough, a non-party to this litigation, was served with a subpoena to appear for deposition and to produce documents regarding years of her text messages, e-mails, and social media for the Plaintiffs' names, any variations thereof, their law firm names, and the phrase "arreglar sin salir."[2] Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the subpoena issued upon Ms. Scarborough should be quashed for lack of personal jurisdiction and/or because it is unduly burdensome, overly broad, lacks proportionality, and the testimony and documents requested are not relevant to the claims in Plaintiffs' Complaint.  Ms. Scarborough also requests a protective order to stay discovery pending the outcome of this motion to quash pursuant to Fed. R. Civ. P. 26(c)(1).

In the alternative, Ms. Scarborough seeks a protective order pursuant to the Fed. R. Civ. P. 26(c)(1) limiting the deposition and the document production to issues relevant to personal jurisdiction, i.e., her contacts with Ohio and Plaintiff Lisinski, the sole Ohio Plaintiff, excluding the "arreglar sin salir" catchphrase.

## II.    SUMMARY OF RELEVANT LAW

### A.    The Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). While

---

[2] In addition, we note that both the Plaintiffs' motion seeking authorization to serve discovery upon third parties and the order of the Magistrate Judge granting that motion relied exclusively on case law supporting the issuance of subpoenas to non-party internet service or platform providers as opposed to individual users.

6

information need not be admissible to be discoverable, it must be proportional and relevant to any claim or defense. *Id.*

A party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests and is subject to Rule 26(g)(1)(B)'s requirement to certify that the discovery request is "(i) consistent with these rules . . . ; (ii) not interposed for any improper purpose, such as to harass…; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B).

If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See, e.g., Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

While the discovery rules are accorded broad and liberal treatment, discovery does have "'ultimate and necessary boundaries.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (*quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

Further, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted). While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery. *See, e.g., Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264.

Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may forbid discovery or specify terms for discovery. *Id.* 26(c)(1)(A),(B). Rule 26's requirement of "good cause" to support a protective order places the burden upon the movant to show the necessity of its issuance, which contemplates a "'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (*quoting United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Discovery may also be obtained from non-parties pursuant to a subpoena issued and served pursuant to Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45(b)(1). Non-party subpoenas are also subject to the parameters of Rule 26. *See, e.g., In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd*, 209 F.3d 719 (5th Cir. 2000). Both Rules 45 and 26 authorize the Court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45. Rule 45 also provides additional protections to non-parties. Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). In that regard, a subpoena must give a prospective

deponent reasonable notice, and the court must quash or modify a subpoena when it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3).

The person filing the motion to quash has the burden of proof to demonstrate that compliance would impose undue burden or expense. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable). To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa*, 392 F.3d at 818 (internal citations omitted). Whether a burdensome subpoena is reasonable "must be determined according to the facts of the case," such as the party's need for the documents and the nature and importance of the litigation." *Id.* (citation omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* (citation omitted). As more fully explained below, given that the Plaintiffs' claim that their goal is to identify the John Doe Defendants, whose identities are best obtained from social media platforms and third party internet service providers, and that this subpoena was issued prior to a Rule 26(f) Conference based on caselaw that **exclusively** supports the issuance of subpoenas to third-party platforms and internet service providers, the subpoena to individuals such as Ms. Scarborough should be quashed. *See, e.g.*, *MCR Oil Tools, LLC v. Spex Offshore Ltd.*, 2020 U.S. Dist. LEXIS 189198, 2020 WL 5985499 (N.D. Tex., Feb. 28 2020) (holding that Plaintiffs should more appropriately seek discovery from another party, in this case, Defendants themselves, and

that there is no need to subject a third-party to discovery when discovery as a whole is "in its infancy").

### B.    Timeliness of Motion to Quash

When a non-party to a lawsuit, like Ms. Scarborough, is served with an overly broad subpoena, like the one served by Plaintiffs in this case, the non-party has four procedural options. First, the non-party may ignore the subpoena and risk a contempt citation under Rule 45(g) and a finding that all objections have been waived. Second, the non-party may comply with the subpoena. Third, the non-party "may" serve on the party or attorney designated in the subpoena written objections. Fed. R. Civ. P. 45(d)(2)(B). Significantly, this rule uses "may" rather than "shall" or "must." A failure to object within the 14-day period allowed in the rules usually results in waiver of the contested issue. However, a district court, in its discretion, may entertain untimely objections if circumstances warrant. *See* 9A C. Wright, A. Miller, M. Kane, R. Marcus, A. Spencer, A. Steinman, Federal Practice and Procedure § 2463 (3d ed. 2017). Even untimely objections may be excused when, for example, a subpoena is overly broad on its face or places a significant burden on a non-party. *See* D. Lender, J. Friedmann, J. Bonk, Subpoenas: Responding to a Subpoena, 6 Thomson Reuters 2013 (*citing Semtek Intern, Inc. v. Merkuriy Ltd.*, No. 3607, 1996 U.S. Dist. LEXIS 22444, 1996 WL 238538, at *2 (N.D. N.Y. May 1, 1996)). While subpoenas duces tecum are discovery devices governed by Rule 45, they are also subject to the parameters established by Rule 26. "[T]he court retains discretion to decline to compel production of requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made." *Schooler v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 107196, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (*citing Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, 2007 U.S. Dist. LEXIS 43012, 2007 WL 1726558, at *4 (D.

Nev. June 11, 2007); *Lucero v. Martinez*, 2006 U.S. Dist. LEXIS 29160, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006)).

Finally, under Rule 45(d)(3), the recipient of the subpoena may move to modify or quash the subpoena as a means of asserting its objections to the subpoena. Unlike serving Rule 45(d)(2)(B) written objections, a motion to quash is not subject to the 14-day requirement. Instead, the rule provides simply that the motion to quash must be "timely." Fed. R. Civ. P. 45(d)(3)(A). Wright & [*6] Miller (emphasis added) and cases cited at n. 10, *including COA Inc. v. Xiamei Houseware Group Co., Inc.,* 2013 U.S. Dist. LEXIS 74768, 2013 WL 2332347, *2 (W.D. Wash. May 28, 2013) (*quoting King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983)); *In re Kulzer*, 2009 U.S. Dist. LEXIS 29771, 2009 WL 961229 (N.D. Ind. Apr. 8, 2009), *rev'd on other grounds*; *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591 (7th Cir. 2011) (motion to quash was timely even though it was not served within 14-day time limit).

""While 'timely' is not defined in [Rule 45(d)(3)(A)] nor elaborated upon in the advisory committee notes . . . ., [i]n general, courts have read 'timely' to mean within the time set in the subpoena for compliance."" *In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015) (*quoting U.S. ex rel. Pogue v. Diabetes Treatment Ctrs of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002)) (citations omitted). "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *Estate of Ungar v. Palestinian Authority*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) (emphasis added). In addition, "*[c]ourts may excuse delay for the same reasons that justify delay in serving written objections, . . .*" Lender, *supra*, at p. 9 (citations omitted).

In this case, the subpoena was served on August 23, 2022. The return date provided in the subpoena for deposition and requiring the production of the documents was September 12, 2022.  On September 6, 2022, counsel for Ms. Scarborough contacted counsel for the Plaintiffs to advise that Ms. Scarborough would be unable to be deposed in Harlingen, Texas on September 12, 2022, as she was in Utah from September 2, 2022 through September 10, 2022, and to express concerns over the overbroad and burdensome nature of the subpoena. Over the course of the next ten calendar days, counsel for Plaintiffs and Ms. Scarborough exchanged several e-mails and had two telephone calls to meet and confer in a good faith attempt to reach agreement on narrowing the scope of discovery. During that process, as noted above, counsel for Plaintiffs offered a one- to two-week extension of the date for the deposition. However, on Friday, September 16, 2022, counsel for Ms. Scarborough offered her testimony and document production limited to personal jurisdiction/her contacts with Ohio and Plaintiff Lisinski, subject to a Joint Protective Order. Counsel for Plaintiffs declined, and Ms. Scarborough is filing this Motion to Quash on the next business day, which is the date of the one-week extension offered to Ms. Scarborough by counsel for Plaintiffs.

Ms. Scarborough requests that the Court find that this Motion to Quash is timely filed, in light of the circumstances, or, in the alternative, excuse the untimely filing of the Motion to Quash given that exceptional circumstances exist.  First, counsel for Ms. Scarborough noticed counsel for Plaintiffs in advance of the deposition date of her objections, and that she would be unable to appear at the originally scheduled deposition, rather than simply failing to appear, and engaged in a good faith attempt to reach agreement with Plaintiffs about narrowing the scope of the discovery requested. Second, as noted above, the subpoena in this case was issued prior to a Rule 26(f) Conference based upon a motion and an order which exclusively cited case law justifying

subpoenas to third-party platforms and internet service providers, not to individuals that Plaintiffs' suspect without basis to have information regarding the identities of the John Doe Defendants. Indeed, it is unclear on what basis <u>other</u> than Ms. Scarborough's 2021 bar complaint against Plaintiff Lozano she has been identified as a third party to be subpoenaed in this case. Second, discovery in this case (prior to a Rule 26(f) Conference) is "in its infancy."

### C. The Southern District of Ohio Lacks Personal Jurisdiction over Ms. Scarborough.

Since *International Shoe Co. v. Washington*, the hallmark principle of due process has been that a court may exercise jurisdiction over a person or organization only after it has been established that the person or entity possess "minimum contacts" within the forum "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

District courts must have personal jurisdiction over a nonparty in order to compel its compliance with a discovery request under Federal Rule of Civil Procedure 45. *See, e.g., In re Application to Enforce Admin. Subpoenas Duces Tecum of the S.E.C. v. Knowles,* 87 F.3d 413, 418 (10th Cir. 1996) (requiring that a Bahamian nonparty have minimum contacts with the United States before holding it subject to an administrative agency subpoena); *Ariel v. Jones,* 693 F.2d 1058, 1061 (11th Cir. 1982) (upholding the quashing of a subpoena "[i]n view of the minimal contacts of the [nonparty] with [the forum]"); *Elder–Beerman Stores Corp. v. Federated Dep't Stores, Inc.,* 45 F.R.D. 515, 516 (S.D.N.Y. 1968) (quashing a document subpoena based on complete lack of contacts with the forum); *Gucci Am., Inc.v. Weixing Li*, 786 F.3d 122, 141 (2d Cir. 2014) (asserting that a federal court "must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under 45."); *see also* 16 Moore et al., *Moore's*

*Federal Practice* § 108.125, at 108–48 (3d ed. 2008) ("A nonparty witness cannot be compelled to testify at a trial, hearing, or deposition unless the witness is subject to the personal jurisdiction of the court."); Gary B. Born, *International Civil Litigation in United States Courts* 865 (3d ed. 1996) ("[A] non-party witness can only be compelled to produce documents if it is subject to the court's personal jurisdiction.").

Rule 4 of the Federal Rules of Civil Procedure directs federal courts to follow the pertinent personal jurisdiction laws of the state courts where the federal courts are located. Here, the pertinent personal jurisdiction law to the underlying action would be Ohio Revised Code Section 2307.382, which states:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to cause an action arising from a person's:
> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by and act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent source of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (6) Causing tortious injury in this state to any person by any act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity;
> (8) Having an interest in, using, or possessing real property in this state; and
> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

> (B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state. As used in this division, "principal" and "sales representative" have the same meanings as in section 1335.11 of the Revised Code.
>
> (C) In addition to a court's exercise of personal jurisdiction under division (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution.

The Ohio State long-arm statute is pertinent, here, because Ms. Scarborough is a foreign nonparty to this action.

## III.    ARGUMENT

### A.    The Southern District of Ohio Lacks Personal Jurisdiction Over Ms. Scarborough.

The Southern District of Ohio may not exercise personal jurisdiction over a nonparty such as Ms. Scarborough unless: (1) the nonparty falls within the scope of the long-arm statute of Ohio, and (2) the court's exercise of personal jurisdiction would not violate the Due Process Clause of the United States Constitution.  *See, e.g., In re Application to Enforce Admin. Subpoenas Duces Tecum of the S.E.C. v. Knowles,* 87 F.3d 413, 418 (10th Cir. 1996); *Ariel v. Jones,* 693 F.2d 1058, 1061 (11th Cir. 1982); *Elder–Beerman Stores Corp. v. Federated Dep't Stores, Inc.,* 45 F.R.D. 515, 516 (S.D.N.Y. 1968); *Gucci Am., Inc.v. Weixing Li*, 786 F.3d 122, 141 (2d Cir. 2014); *see also* 16 Moore et al., *Moore's Federal Practice* § 108.125, at 108–48 (3d ed. 2008) ("A nonparty witness cannot be compelled to testify at a trial, hearing, or deposition unless the witness is subject to the personal jurisdiction of the court").

To determine whether Due Process rights would be violated by the exercise of personal jurisdiction over Ms. Scarborough by the United States District Court for the Southern District of Ohio, the Sixth Circuit evaluates three factors: (1) whether the [nonparty] has purposefully availed themselves of the privilege of acting or causing a consequence in the forum state; (2) whether the

cause of action arises from the [nonparty's] activities in the forum state; and (3) whether those acts, or consequences caused by those acts, have a substantial enough connection to the forum state to make it reasonable to exercise personal jurisdiction over [the nonparty]. *Southern Machin Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). If just one of these criteria is missing, it sufficient to prevent the exercise of personal jurisdiction. *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293 (6th Cir 1989).

An exercise of personal jurisdiction over Ms. Scarborough would fail both the Ohio long-arm statute and the Sixth Circuit's three-factor test to determine whether her Due Process rights would be violated as a non-party. The Ohio long-arm statute requires that the cause of action "arise" from a person's contacts with the State of Ohio. Plaintiffs do not claim that any of their alleged causes of action arise from Ms. Scarborough's contacts; indeed, she is not a defendant. Ms. Scarborough has sworn in her declaration that her sole contact with Ohio relevant to this case is that an attorney forwarded her one of Plaintiff Lisinski's TikTok videos (which she did not recall and realized only after reviewing her social media), she does not remember if she opened it or not, and she did not remember Plaintiff Lisinski's name when she saw it on the Complaint. That video, has been taken down either by Plaintiff Lisinski or by TikTok, and its contents are unknown. Thus, the Ohio long-arm statute does not provide a basis for the exercise of personal jurisdiction. In addition, Ms. Scarborough's contacts with the state of Ohio fail the Sixth Circuit test, as she has not acted or caused any consequence in Ohio, the cause of action does not arise from her activities in Ohio, and her contact with Ohio (being forwarded a single TikTok video) is not a substantial enough connection to Ohio to make it reasonable for the Southern District of Ohio to exercise personal jurisdiction over her for purposes of issuance of the subpoena.

In conclusion, neither of the two legal bases used to authorize federal courts in Ohio to exercise jurisdiction over subpoenaed nonparties in Texas are sufficiently satisfied to justify the subpoena ordered on Ms. Scarborough. As a result, this Court should quash the subpoena for lack of personal jurisdiction.

WHEREFORE, Jennifer Scarborough, *pro se*, respectfully requests that this Court enter an order quashing the third party subpoena issued to her in *Lozano, et al., v. Doe, et al.*, 2:22-cv-03089-ALM-KAJ, based on lack of personal jurisdiction, or, in the alternative, requests that this Court enter a protective order limiting her deposition testimony and discovery in this matter to the issue of her contacts with the Ohio/personal jurisdiction (i.e., topics and documents related to the sole Ohio Plaintiff, Angelyne Lisinski, and expressly excluding the phrase "arreglar sin salir").

Respectfully submitted on this 19th day of September 2022,

s/Jennifer Scarborough
Jennifer Scarborough
*Pro Se*
SDTX I.D. 3566791
Texas Bar No. 24106401
Law Firm of Jennifer Scarborough PLLC
P.O. Box 531888
Harlingen, TX 78553
(956) 513-7633
(956) 391-2358
abogadajennifer956@gmail.com