# Exhibit B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – BROWNSVILLE DIVISION

| | |
|---|---|
| ALEXANDRA LOZANO, ANGELYNE LISINSKI, AND GIULIA FANTACCI, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; DEF LIMITED LIABILITY COMPANIES I-X; AND XYZ CORPORATIONS; <br><br> Defendants. | Case No. <br><br> Judge <br><br> Magistrate Judge |

### DECLARATION OF JENNIFER SCARBOROUGH
### IN SUPPORT OF THIRD-PARTY'S MOTION TO QUASH SUBPOENA

I, Jennifer Scarborough, declare:

1. My name is Jennifer Scarborough, and I am an immigration attorney licensed in and residing in the State of Texas. My law office is located in Harlingen, Texas.

2. The underlying Complaint was filed on August 10, 2022 in the Southern District of Ohio, *Lozano, et al. v. Doe, et al.*, 2:22-cv-03089.

3. Plaintiffs in the underlying matter are: Alexandra Lozano, an immigration attorney licensed in and residing in the State of Washington; Angelyne Lisinski, an immigration attorney licensed in and residing in the State of Ohio; and Giulia Fantacci, an immigration attorney licensed in and residing in the State of Florida.

4. Former Plaintiff Lauren Eagan, an immigration attorney licensed in the District of Columbia and residing in the State of Virginia, filed a Motion to Withdraw as a Plaintiff from the litigation on August 23, 2022, which was granted on August 24, 2022.

5. On August 10, 2022, concurrent with the filing of the Complaint, Plaintiffs filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26 (f) conference.

6. On August 12, 2022, United States Magistrate Judge Kimberly A. Jolson granted Plaintiffs' motion.

7. On August 23, 2022, I was served with a third party subpoena for deposition and document production in this matter with a deadline of September 12, 2022.

8. As I am not a party to the complaint, I had no notice of the suit prior to August 23, 2022. The subpoena thus required me to comply approximately 21 calendar days after service.

9. Before I was served with the subpoena, I already had a final asylum hearing for a client (which requires intensive preparation) scheduled for Immigration Court in Utah on September 2, 2022.

10. Based on my long-scheduled hearing date, I had a long-planned vacation in Southern Utah following the hearing from September 3–10, 2022. During this vacation, I was camping off the grid without reliable mobile phone and wireless internet service. As a result of my previously planned vacation, I had even fewer days to comply with the subpoena.

11. Five (5) business days after receiving the subpoena, on August 30, 2022, I formally retained counsel in Ohio (Shumaker, Loop & Kendrick LLP) in a good faith attempt to resolve this matter extrajudicially. I expressed my concerns that the request for several years of my text messages, e-mails, and social media was overbroad, overly burdensome and an invasion of my privacy. In addition, I believe that Plaintiff Lozano is retaliating against me for filing a bar complaint against her in April of 2021. The Washington State Bar Association ("WSBA") investigation is open and ongoing.

12. My primary counsel at Shumaker, Loop & Kendrick LLP was traveling to Shumaker's Tampa, Florida office on Wednesday, August 31, 2022, and traveling on from there to Orlando, Florida from September 1, 2022 through Saturday, September 3, 2022, to speak at a law conference.

13. The federal Labor Day Holiday was Monday, September 5, 2022.

14. My attorneys contacted Plaintiffs' counsel via e-mail on September 6, 2022, and spoke with Senior Counsel Kirsten Fraser at Organ Law LLP in Ohio, the attorneys for the Plaintiffs. They went back and forth about the scope and burden of the deposition and subpoena (via two phone calls and multiple e-mails) over the course of the following nine business days, and could not agree.

15. On Friday, September 16, 2022, my attorneys had a telephone conference in which they offered my voluntary presence at a deposition limited to the issue of personal jurisdiction, i.e., my contacts with Ohio, subject to a joint protective order. Plaintiffs' counsel flatly refused that offer, and my attorneys informed them that we intend to immediately file a Motion to Quash the Subpoena for lack of personal jurisdiction.

16. I have not engaged in any of the conduct alleged in the Complaint (online harassment, reporting of social media posts, tortious interference with business relations, intellectual property infringement, etc.) against any of the plaintiffs.

17. I do not have any knowledge of the person or persons purportedly responsible for the conduct alleged in the Complaint.

18. My only activity of any kind relating to Angelyne Lisinski (the sole Ohio plaintiff) is that another attorney forwarded me one (1) of her TikTok videos. I do not remember

receiving the forwarded video, nor do I recall whether or not I opened the link. Further, I did not recall Plaintiff Lisinski's name when I pulled the Complaint after I received the subpoena.

19. I have no other contacts with the State of Ohio related to this matter, and therefore I lack sufficient contacts with the State of Ohio to support the personal jurisdiction of the United States District Court for the Southern District of Ohio to support that court's issuance of a subpoena to me.

20. I believe that Plaintiff Lozano is retaliating against me for filing a bar complaint against her and that she selected the Southern District of Ohio as a venue because, unlike the State of Washington or the State of Texas, Ohio does not have an anti-SLAPP statute.

21. With regard to my history with Plaintiff Lozano, in April of 2021, I filed a bar complaint against Ms. Lozano with the WSBA in order to voice my concerns about a number of ethical issues. First, I reported Ms. Lozano's business practices. Ms. Lozano's husband, who is also the business manager of her firm, opened En Solidaridad, a psychological evaluation business, where Ms. Lozano refers her clients for their psychological evaluations as part of their immigration cases based on domestic abuse, otherwise known as VAWA immigration cases. En Solidaridad charges $1,200 for these psychological evaluations. I reported what I felt was a conflict of interest, especially considering the fact that Ms. Lozano heavily markets VAWA immigration cases on her social media.

22. Second, I reported Ms. Lozano's online marketing and use of social media to the WSBA. I found it concerning that Ms. Lozano, among other issues, typically marketed VAWA immigration cases without mentioning the abuse element or by significantly watering it down. The controversy that Plaintiff Lozano's online marketing sparked among immigration attorneys

nationwide resulted in a publication by the American Immigration Lawyers Association's Ethics Committee advising its members not to engage in identical behavior posited as a "hypothetical."

23. The bar complaint remains pending and the WSBA bar investigation is ongoing.

24. In August 2022, I was advised telephonically by WSBA Senior Disciplinary Counsel Francesca D'Angelo that Plaintiff Lozano has failed to fully comply with the WSBA investigation; specifically, that she has failed to produce documents requested by the bar which were due in February 2022.

25. Prior to filing the bar complaint, I discussed the ethics of Lozano's marketing and business model in two attorney Facebook groups which are closed to non-lawyers. I believe that we, as lawyers, must openly discuss ethical issues as they affect our practice and our clients.

26. Following Cease and Desist Letters sent by another of Lozano's attorneys, the posts and threads discussing the ethics of Plaintiff Lozano's marketing and business model were almost immediately removed. This occurred prior to my filing of the bar complaint.

27. I felt ethically obligated to report my concerns about Plaintiff Lozano's marketing and business model, and I wanted my concerns to be handled through the proper channels, which is why I filed the bar complaint. I wanted the Washington State Bar to decide this important issue that affects our field of practice.

28. I did not harass Plaintiff Lozano, or any of the other Plaintiffs, as alleged in the complaint. I merely wanted the appropriate body to be aware of and decide whether Plaintiff Lozano's social media marketing and business model complies with legal ethics requirements (as I believe that they do not).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2022, at Harlingen, Texas.

_____
JENNIFER SCARBOROUGH
Declarant