IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – BROWNSVILLE DIVISION

| | |
|---|---|
| SCARBOROUGH, ) | |
| ) | |
| Movant, ) | |
| ) | Case Misc. Action No. 1:22-mc-00100 |
| v. ) | |
| ) | Judge Fernando Rodriguez, Jr. |
| LOZANO et. al., ) | |
| ) | |
| Respondents ) | |

**REPLY OF MOVANT JENNIFER SCARBOROUGH
IN SUPPORT OF HER MOTION TO QUASH THIRD-PARTY SUBPOENA
AND FOR A PROTECTIVE ORDER**

Movant Jennifer Scarborough ("Ms. Scarborough") filed the motion under consideration to quash the subpoena against her because of lack of personal jurisdiction and because it is an undue burden and a fishing expedition. On October 10, 2022, the Respondents filed an opposition to Ms. Scarborough Motion to Quash. Pursuant to LR 7.4, Movant Jennifer Scarborough replies to the response as follows:

**I. There is No Personal Jurisdiction over Ms. Scarborough**

The Federal Rules of Civil Procedure were amended in 2013. Fed. R. Civ. P. 45(a)(D)(2) now provides that the court, or place where the action is pending, issues the subpoena. The subpoena is then enforced by the place of compliance, or the court within 100 miles of the deponent's residence. Fed. R. Civ. P. 45(c)(1). The Seventh Circuit noted that the 2013 changes did not remove the requirement of personal jurisdiction for subpoenas because the court "is enforcing something rather than begging." *Leibovitch v. Islamic Republic of Iran*, 852 F.3d 687, 689 (7th Cir. 2017).

A court may exercise jurisdiction over a person or organization only after it has been established that the person or entity possess "minimum contacts" within the forum "such that

1

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The Respondents argue that the 2013 changes to the Federal Rules of Civil Procedure either extend personal jurisdiction to the place of compliance or completely remove personal jurisdiction as a requirement for third-party subpoenas. Such a change would vacate over half a century of well-established jurisprudence regarding personal jurisdiction. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It seems highly unlikely that the authors of the Federal Rules of Civil Procedure intended such a drastic change. Furthermore, the Respondents' argument ignores the careful wording of the Federal Rules of Civil Procedure.

The 2013 Federal Rules of Civil Procedure define the court that issues the subpoena as "the court where the action is pending." Fed. R. Civ. P. 45(a)(D)(2). The court that enforces the subpoena is defined only as a "place of compliance." Fed. R. Civ. P. 45(c)(1). The phrase "place of compliance" indicates that the amendments did not broaden the physical area for personal jurisdiction because, according to the explicit language of the rules, no action is considered pending there. The place of compliance serves only as a convenient place to resolve challenges to the subpoena, as further indicated by the fact that the cases are given different case numbers. *See* Fed. R. Civ. P. 45(d)(1).

Furthermore, the Federal Rules of Civil Procedure could not have removed personal jurisdiction as a requirement altogether because then there would be no method of enforcing a subpoena. The Court must have personal jurisdiction in order to enforce, rather than beg, for compliance. *Leibovitch*, 852 F.3d 687 at 689.

Personal jurisdiction remains an important issue in this case. In the Respondents' Complaint, they state that a "substantial portion of the Defendants' tortious actions" are "based,

2

occurred, and caused events to occur in the Southern District of Ohio." However, in their response to the Movant's motion, the Respondents focus heavily on Ms. Lozano, an attorney licensed in and residing in the state of Washington. Their response supports Movant's argument that Ms. Linsinki's participation as a Plaintiff in the underlying action is merely an avenue allowing the Respondents to forum shop. The subpoena is improper as Ms. Scarborough does not have sufficient contacts with the state of Ohio to support its issuance by the Southern District of Ohio.

**II.  The subpoena imposes an undue burden upon Ms. Scarborough.**

When determining whether the subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Manookian v. Mervis*, Civil Action No. 4:17-mc-00056, at 3 (E.D. Tex. Aug. 11, 2017) (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Federal courts in Texas have found that subpoenas present an undue burden when they are "facially overbroad" based on language similar to that used in the subpoena issued to Ms. Scarborough. *Id*. (citing *Williams*, 178 F.R.D. at 109). "Subpoenas for non-parties have been found to be facially overbroad where the subpoena requests "all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date'; '[t]he requests are not particularized'; and '[t]he period covered by the requests is unlimited.'" *Manookian v. Mervis*, Civil Action No. 4:17-mc-00056, at 3 (E.D. Tex. Aug. 11, 2017); *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (citing *Wiwa*, 392 F.3d at 818; *In re O'Hare*, Misc. A. No. H-11-0539, 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012);

*Turnbow v. Life Partners, Inc.*, No. 3:11-cv-1030-M, 2013 WL 1632794, at *1 (N.D. Tex. Apr. 16, 2013)).

The Respondents argue that Ms. Scarborough has made boilerplate arguments and has not met the requirements for demonstrating an undue burden. However, Ms. Scarborough had no need to offer in-depth arguments because both the original and amended subpoenas are facially overbroad and far exceed what federal courts have found to be permissible. *Manookian v. Mervis*, Civil Action No. 4:17-mc-00056, at 3 (E.D. Tex. Aug. 11, 2017); *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (citing *Wiwa*, 392 F.3d at 818; *In re O'Hare*, Misc. A. No. H-11-0539, 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012); *Turnbow v. Life Partners, Inc.*, No. 3:11-cv-1030-M, 2013 WL 1632794, at *1 (N.D. Tex. Apr. 16, 2013)).

In *Manookian v. Mervis*, the movants requested the respondents to "produce any and all emails [they had] sent or received since January 1, 2015 that include[d] any of the following terms," and the list included the names and emails of parties to the underlying action. *Manookian v. Mervis*, Civil Action No. 4:17-mc-00056, at 2-3 (E.D. Tex. Aug. 11, 2017). The Eastern District of Texas quashed the subpoena, finding the request for all emails containing the names of the parties' to be overbroad and irrelevant because the movants "made no effort to limit the subpoena's request to relate to the underlying action." *Id*. at 3. In quashing the subpoena, the court also took into account that the deponent was involved in lawsuits with two people named on the subpoena as search terms, and thus the search would involve documents protected by work-product privilege and attorney-client privilege, for which no exception was available. *Id*.

The Respondents, in this instant case, go several steps further by asking for all emails, all Facebook messages, and all text messages containing the parties' names, business names, and

numerous unnamed employees, agents, etc., as well as numerous other search terms. This subpoena should be quashed simply because it is facially overbroad.

The subpoena is also burdensome based on the facts of the case. In *Manookian*, the Eastern District of Texas quashed a similar subpoena in part due to outside, ongoing litigation, and that the requested documentation would have involved privileged information or attorney work-product. Civil Action No. 4:17-mc-00056, at 3 (E.D. Tex. Aug. 11, 2017). Similarly, Ms. Scarborough has a pending bar complaint against Ms. Lozano before the Washington State Bar Association ("WSBA"), and thus, this request includes privileged information and/or attorney work-product, for which no exception applies. Because the bar investigation remains open and ongoing, this subpoena should be quashed.

**III. This subpoena is a "fishing expedition" for information by Ms. Lozano.**

Fed. R. Civ. P. 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted). While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery. *See, e.g., Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264.

Ms. Lozano's social media marketing has been widely condemned by the immigration community and has been under an ongoing investigation by the WSBA for the last 1.5 years. By not disclosing to the pending bar investigation to the Southern District of Ohio in her Complaint, Ms. Lozano has managed to paint herself as an innocent victim of online "harassment." At no point has Ms. Lozano explained how her social media complied with the ethical rules or why it should not have been removed. Instead, she has only offered conclusory statements.

5

Ms. Lozano fails to acknowledge that attorneys are a regulated profession, and her social media marketing must comply with the ethics rules. Anyone could have reported her social media videos because they believed her marketing to be deceptive to the public, as opposed to wanting to harass Ms. Lozano. WA RPC 7.1. Without more information about the content of the social media in question, the fact that her videos were removed indicates nothing.

By failing to disclose the full facts, Ms. Lozano has managed to obtain an overly broad subpoena that is nothing more than a retaliatory fishing expedition. Ms. Scarborough has asked the Respondents for evidence linking her to the alleged online campaign against them, but they have not provided any such evidence to Ms. Scarborough or the Court. It appears the only real connection between Ms. Scarborough and the Respondents is the bar complaint Ms. Scarborough filed against Ms. Lozano.

### IV. Respondents' "Factual" Allegations

As laid out in the Motion to Quash, in April of 2021, Ms. Scarborough filed a complaint with WSBA against Ms. Lozano. Specifically, Ms. Scarborough reported Ms. Lozano's online marketing and business practices in which she markets relief under the Violence Against Women Act heavily online, which is a type of immigration status available to certain victims of domestic abuse.[1] Over 1.5 years later, the WSBA's investigation of Ms. Lozano remains open and ongoing. In the bar complaint, Ms. Scarborough expressed concern about the fact that Ms. Lozano's husband, who is also the business manager of her firm, opened a psychological evaluation business.[2] Ms. Lozano refers her VAWA clients to her husband's business for psychological

---

[1] In one particularly egregious TikTok video, Ms. Lozano stated "*Your attorney is wrong. It is false when attorneys say that you have to leave the country to fix your papers [...] I am so tired of hearing attorneys say that if you entered illegally then you need to leave the United States to fix your papers...*" Her TikTok video also made it seem that any attorney who helped their clients attend a consular interview abroad were somehow misinformed or even committing malpractice.

[2] It is not clear that Mr. Lozano has any relevant educational background for such a service.

evaluations to use as evidence for their immigration cases, for which he charges $1,200 per evaluation.

In her May 2021 response to the bar complaint, Ms. Lozano argued that there was no conflict of interest in referring her clients to her husband's business because all her clients had signed conflict waivers. In January 2022, the WSBA requested a copy of all of the signed conflict waivers in addition to further information. In August 2022, Ms. Scarborough called the WSBA for an update on the bar complaint, and the WSBA Senior Disciplinary Counsel stated that Ms. Lozano failed to provide all of the signed conflict waivers, and instead, she submitted a much more general response. In other words, Ms. Lozano has failed to fully comply with the WSBA's request for documents and information.

In August 2022, the Respondents, Ms. Lozano, Ms. Fantacci, and Ms. Lisinski, sued unnamed defendants in the Southern District of Ohio based on unsubstantiated and nonspecific allegations of online harassment, defamation, and tortious interference with their businesses. The Respondents neglected to notify the Southern District of Ohio that Ms. Lozano's marketing and business practices were the subject of an ongoing bar complaint. The Respondents then issued a subpoena to Ms. Scarborough, claiming that Ms. Scarborough must have information about the defamatory campaign against them. Ms. Scarborough, who has no connections to Ohio, had never heard of Ms. Lisinski prior to the complaint, apart from one TikTok video that someone had forwarded to her. Ms. Scarborough is uncertain if she opened or viewed the video, and she had no recollection of having been sent the video. Ms. Scarborough has no knowledge of any defamatory campaign against the Respondents, and she believes this subpoena has been issued so the

Respondents may engage in one-sided discovery against Ms. Scarborough as retaliation and harassment for the pending bar complaint against Ms. Lozano.[3]

In the response to the Motion to Quash, Respondents allege that Ms. Scarborough has knowledge of a defamatory campaign against Ms. Lozano because someone must have told Ms. Scarborough that Ms. Lozano is the subject of the ethics in marketing article published by the American Immigration Lawyers Association (AILA), since the article does not mention Ms. Lozano by name. However, as Ms. Scarborough stated in the Motion to Quash, leading immigration attorneys around the country have condemned Ms. Lozano's marketing tactics, and given the uproar they have caused in the immigration legal community, it is no surprise whatsoever that AILA issued this advisory. Further, Ms. Scarborough is familiar with and can attest to the contents of Ms. Lozano's marketing prior to and at the time of the bar complaint, having transcribed around twelve videos of Ms. Lozano's as part of the bar complaint. Ms. Scarborough quickly recognized the article as describing Ms. Lozano's style of marketing.

The Respondents also served the same subpoena on Ms. Stefania Ramos Birch, also an immigration attorney. On September 30, 2022, Ms. Ramos Birch filed a Motion to Quash the Third-Party Subpoena with the Western District of Washington. Like Ms. Scarborough, Ms. Ramos Birch is the lead attorney on her own case. Ms. Ramos Birch challenged personal jurisdiction and overbreadth of the subpoena. Specifically, Ms. Ramos Birch argued the subpoena is overbroad because the Judge's Order only allows for deposition, but the subpoena also requests documents.

On October 13, 2022, the Respondents filed a motion with the Southern District of Ohio requesting the Court to clarify if the Judge's Order allows for document requests as part of the

---

[3] In fact, by naming "John Doe" and "ABC Corporation" Defendants, Ms. Lozano gets to go on a fishing expedition without subjecting herself to discovery as to the truth of the matter asserted.

subpoena. In their motion, the Respondents take issue with the similarities in Ms. Scarborough's and Ms. Ramos Birch's Motions to Quash, leading them to believe that Ms. Scarborough and Ms. Ramos Birch are working together to challenge their subpoenas. The Respondents had also become aware that an attorney posted in an immigration attorney Facebook group that she was willing to provide a draft Motion to Quash to any attorney who also received a third-party subpoena in the Southern District of Ohio. The Respondents bizarrely argue that they need documents as part of their subpoenas because the Deponents' "coordinated resistance" to the subpoenas indicates that there is an online campaign against them. Ms. Scarborough does not understand how any collaboration between her and Ms. Ramos Birch, who are attorneys and colleagues who have been outspoken against the contents of Ms. Lozano's marketing, could indicate that they have knowledge of an online campaign to harass and defame the Respondents. They have a right to seek counsel of their choice, and certainly they may freely share among the immigration legal community which has broadly condemned Ms. Lozano's tactics Word document versions of pleadings that are available to any member of the general public on PACER.

## V.     Conclusion

Ms. Scarborough, an attorney licensed in and residing in Texas, felt compelled by Texas RPC 8.03 to report Ms. Lozano to the Washington State Bar Association as she has at all times believed that Ms. Lozano's social media and business marketing as transcribed and submitted to the WSBA violates Washington State RPC 7.1. The fact that Ms. Lozano seeks to engage in a fishing expedition targeting the person who filed the pending bar complaint against her is egregious. Allowing this subpoena to stand will set a dangerous precedent for Texas attorneys who are required to report unethical conduct or risk facing bar complaints themselves. TX RPC 8.03. Ms. Scarborough should not face retaliation through a baseless fishing expedition simply

for complying with her ethical obligations as a Texas lawyer and reporting Ms. Lozano to the appropriate disciplinary authority to determine whether she has, in fact, violated the ethics rules. Finally, Ms. Lozano has gone forum shopping in the Southern District of Ohio, and the Respondents have not and cannot show any basis for that court, the "issuing court" of the subpoena, to exercise personal jurisdiction over her. This subpoena must be quashed.

Respectfully submitted on this 17th day of October 2022,

s// Jennifer Scarborough
Jennifer Scarborough
SDTX I.D. 3566791
Texas Bar No. 24106401
Law Firm of Jennifer Scarborough PLLC
P.O. Box 531888
Harlingen, TX 78553
(956) 513-7633
abogadajennifer956@gmail.com