IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – BROWNSVILLE DIVISION

| | |
|---|---|
| SCARBOROUGH, )<br>)<br>  Movants, )<br>)<br>  )<br>v. )<br>  )<br>LOZANO, et al., )<br>  )<br>  Respondents ) | Case Misc. Action No. 1:22-mc-00100<br><br>Judge Fernando Rodriguez, Jr. |

**MOTION OF MOVANT, JENNIFER SCARBOROUGH, FOR SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 26(g) and the inherent power of this Court, Movant, Jennifer Scarborough ("Ms. Scarborough") moves for this Court to issue sanctions against the Respondents Alexandra Lozano ("Plaintiff Lozano"), Angelyne Lisinski ("Plaintiff Lisinski"), and Giulia Fantacci ("Plaintiff Fantacci") for discovery abuses associated with the subpoena served upon her. In Support of this Motion, Ms. Scarborough states the following:

**MEMORANDUM IN SUPPORT**

I.   BACKGROUND AND INTRODUCTION

In April of 2021, Ms. Scarborough, an immigration attorney who has at all relevant times resided in and been licensed in the State of Texas, filed a bar complaint with the Washington State Bar Association ("WSBA") against Plaintiff Lozano, an immigration attorney who has at all relevant times resided in and been licensed in the State of Washington, regarding the ethics of her business practices and her social media marketing. Ms. Lozano's social media marketing has been widely condemned by the immigration attorney community. Ms. Scarborough reported Ms. Lozano's marketing because she felt concerned that it violated the WSBA's ethics rules regarding deceptive marketing. After 1.5 years, the bar complaint remains ongoing. In addition to Ms.

1

Lozano's marketing practices, Ms. Scarborough reported Ms. Lozano's business practices and perceived conflicts of interest. Ms. Scarborough last spoke with the WSBA in August 2022, and during that conversation, the WSBA explained that Ms. Lozano had failed to fully comply with the investigation.

On August 10, 2022, Plaintiffs filed a Complaint against numerous unidentified Defendants in the Southern District of Ohio (Columbus), where only Plaintiff Lisinski resides and is licensed to practice law. Concurrently with the filing of the Complaint, Plaintiffs filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, which was granted by the court on August 12, 2022. In their complaint alleging online harassment and the wrongful removal of their social media posts, Ms. Lozano failed to disclose the pending bar complaint against her. By not disclosing that her social media could have been rightfully removed for violating ethics rules, Ms. Lozano obtained the right to serve subpoenas against innumerable third-parties.

The Court order granted subpoenas for "depositions of individuals suspected of being involved in the campaign" but only to determine "the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the defamers' identities." However, Ms. Lozano's subpoenas far exceeded the Court's order by requesting documents and information that in no way related to the identity of any online campaign against her. Ms. Lozano has also not explained why she believes Ms. Scarborough is suspected of having knowledge of any online campaign against her. The subpoena also requested discovery that far exceeded the limits established by federal district courts. Upon seeing the broad scope of the subpoena, Ms. Scarborough immediately felt that she was being harassed for having filed the bar complaint against Ms. Lozano.

During meet and confers and through these court filings, Ms. Scarborough explained that she had not engaged in the alleged activity nor did she know of any one who had. Ms. Scarborough has no knowledge of any campaign against the Respondents. Ms. Scarborough also asked for any evidence they had connecting her to the alleged activity, and they have provided none to her or this Court.

On September 19, 2022, Ms. Scarborough filed a Motion to Quash with this Court. In the Court's scheduling order, it explicitly stated that the subpoena was stayed pending the place of compliance's decision on the substantive issues regarding the Motion to Quash.

On October 13, 2022, the Respondents filed a Motion for Limited Document Production and Expedited Ruling because they wanted the issuing Court to explicitly state that the subpoena for "deposition" also included "document production." Despite the fact that the subpoena was stayed pending the place of compliance's decision on the Motion to Quash, the Respondents decided to try to amend the subpoena. On October 24, 2022, the issuing Court denied their motion, finding it was in the interest of justice to allow the Movants to express opposition before ruling on further discovery motions. The issuing Court also reiterated that the subpoena was only to determine the identity of their online harassers and that depositions through oral testimony should be more than sufficient. Importantly, in their Motion for Limited Document Production and Expedited Ruling, the Respondents stated that they have only issued subpoenas against two internet platforms: Facebook and Google. Interestingly, they mentioned TikTok 59 times in their complaint, but as of October 13th, they had not served a subpoena against TikTok. Dkt No. 1-B.. However, the Respondents did serve subpoenas for broad document discovery against two immigration attorneys, who were never mentioned in their complaint and have no information.

On October 25, 2022, the Respondents filed a copy of the issuing Court's order denying their Motion for Limited Document Production and Expedited Ruling. In their Notice to the place of compliance, the Respondents continue to insist that Ms. Scarborough sit for a deposition, even though Ms. Scarborough, as an officer of the Court, has stated repeatedly, under penalty of perjury, that she has no information.

Ms. Scarborough has argued throughout these proceedings that the Respondents' subpoena against her is nothing more than harassment and a fishing expedition for having filed a bar complaint against Ms. Lozano. The Respondents' filings and aggressive pursuit of deposing her, without providing any evidence as to its relevance, further indicates their bad faith and improper motive. Because the Respondents have violated discovery rules under Rule 26(g), Ms. Scarborough moves for this Court to sanction the Respondents, or, in the alternative, sanction the Respondents under the inherent power of this Court.

## II.     SUMMARY OF RELEVANT LAW

### A.     Sanctions under Federal Rule of Civil Procedure 26(g)

Federal Rule of Civil Procedure 26(g), added in 1983, provides that attorneys signing a discovery request must certify that to the best of their knowledge, information, and belief formed after a reasonable inquiry that every discovery request is (i) consistent with these rules and warranted by existing law or for a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates this rule without substantial justification, the court,

on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation. FED. R. CIV. P. 26(g).

"Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." Fed. R. Civ. P. 26(g) advisory committee's note (1983). Rule 26(g) specifically "requires that parties make a reasonable inquiry before conducting or opposing discovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 448 (5th Cir. 1992). Rule 26(g) "provides a deterrent to excessive discovery by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection" and whether it is consistent with the Federal Rules of Civil Procedure and "grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law." Fed. R. Civ. P. 26(g) advisory committee's note (1983). *Heller et. al., v. City of Dallas*, No. 3:2013cv04000 (N.D. Dallas Nov. 12, 2014).

### B. Sanctions under the Inherent Authority of this Court

"'Federal courts have undisputed, inherent power to regulate practice in cases pending before them.'" *Carroll v. Jacques*, 926 F. Supp. 1282, 1288 (E.D. Tex. 1996) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "This power originates from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id*. (quoting *Natural Gas Pipeline v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir.1993), cert. denied, 510 U.S. 1073 (1994)) (internal citations omitted). In exercising its inherent power, a court can sanction a party for abusing the judicial process. *Id.*

5

(citing *Chambers*, 501 U.S. at 43–44). *Heller et. al., v. City of Dallas*, No. 3:2013cv04000 (N.D. Dallas 2014).

III.   **ARGUMENT**

    A.   **The Respondents should be sanctioned for violating FED. R. CIV. P. 26(g)**

If this Court finds that the Respondents violated Rule 26(g), then this Court must issue sanctions unless this Court finds substantial justification for their actions. The respondents have violated 26(g) by requesting discovery not warranted by existing law, by requesting discovery meant to harass, and requesting unduly burdensome discovery considering the needs of the case. They have provided no substantial justification for their actions.

The Respondents' subpoena requested discovery not warranted by existing law because it was an overly broad search for "any and all" texts, Facebook messages, and emails containing the names of the parties and numerous other search terms. *Manookian v. Mervis*, Civil Action No. 4:17-mc-00056, at 3 (E.D. Tex. Aug. 11, 2017) (finding a subpoena that requested any and all emails that contained the parties' names to be facially overbroad); *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

The Respondents' subpoena also far exceeded the issuing Court's order. Dkt No. 1-D.. The issuing Court allowed for "depositions of individuals suspected of being involved in the campaign" but only to determine "the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the defamers' identities." *Id*. Instead, the Respondents served subpoenas requesting broad discovery of "any and all documents" related to the parties' names and numerous other search terms. Dkt No. 1-D. Ex. D. They did not provide any justification, much less substantial justification, for such a broad and invasive discovery

6

search. The Respondents' overly broad subpoena that disregarded the Court order and case law has forced Ms. Scarborough, a third party, to engage in unnecessary litigation.

The Respondents' actions also indicate that their motive is simply to harass Ms. Scarborough rather than engage in any legitimate discovery to aid their litigation. Rather than serving a subpoena on TikTok, the Respondents served a subpoena on Ms. Scarborough, whose only real connection to the Respondents is the pending bar complaint she filed against Ms. Lozano. Dkt No. 5-B. Ms. Lozano also failed to mention her pending bar investigation in her complaint, which allowed her to paint herself as a victim and serve subpoenas against third-parties in order to engage in one-sided discovery. Dkt No. 1-E.

Even after the issuing court reiterated that the depositions were limited to oral testimony to determine the identity of those allegedly involved in an online campaign against them, the Respondents continued to insist that Ms. Scarborough sit for a deposition. Dkt No. 6-1.. This is especially concerning considering the fact that Ms. Scarborough has repeatedly stated, under perjury, that she has no knowledge of any online campaign. Dkt No. 1-B; Dkt No. 5-A. The insistence of the subpoena against someone that has no connection to an online campaign against them also falls outside the parameters of the issuing Court's order and only serves to harass.

Their discovery request is also unduly burdensome considering the needs of the case. After more than two months into their suit, they have not served a subpoena on TikTok, the platform most likely to have the information they are searching for. Dkt No. 5-B. In their complaint, the Respondents mentioned TikTok almost 60 times. Instead, the Respondents rushed to serve Ms. Scarborough with an overly broad subpoena about thirteen days after filing their complaint. Ms. Scarborough has also repeated at the meet and confer and throughout this litigation that she knows nothing of any online campaign. Seeing as Ms. Scarborough has no

knowledge and is not the party best suited for discovery, it is unduly burdensome to pursue document production or an oral deposition. It has forced Ms. Scarborough to engage in unnecessary litigation that has no relevant basis.

### B.     The Respondents should be sanctioned under the Court's Inherent Authority

The only action connecting Ms. Scarborough to the Respondents is the bar complaint that she filed against Ms. Lozano, which remains pending. Dkt Nos. 1-B; 1-G.. Ms. Scarborough, as a Texas attorney, is obligated to report attorney misconduct that does not involve privileged information. When Ms. Scarborough learned of what appeared to be egregious ethical misconduct on the part of Ms. Lozano, Ms. Scarborough reported it. The fact that the bar complaint remains ongoing over 1.5 years later indicates that the complaint was not frivolous. Ms. Scarborough should not face retaliation for simply complying with her ethics rules and duty to report.

The fact that Ms. Lozano has pursued a baseless subpoena against Ms. Scarborough, has not filed a subpoena against TikTok, has failed to follow federal case law regarding the limits on subpoenas, failed to follow Court order regarding the breadth of the subpoena, failed to follow the Court order regarding the stay of the subpoena, all indicates that she has acted in bad faith. This Court should sanction Ms. Lozano for abusing the discovery process.

Ms. Scarborough also seeks sanctions to deter Ms. Lozano from trying to re-file this suit in another forum, should the subpoena be quashed for lack of personal jurisdiction. Ms. Scarborough is concerned that Ms. Lozano will simply refile in an appropriate forum and continue to target and harass Ms. Scarborough through abuse of discovery.

WHEREFORE, Jennifer Scarborough respectfully requests that this Court enter an order for sanctions against the Respondents.

    Respectfully submitted on this 26th day of October  2022,


s// Jennifer Scarborough
Jennifer Scarborough
*pro se*
SDTX I.D. 3566791
Texas Bar No. 24106401
Law Firm of Jennifer Scarborough PLLC
P.O. Box 531888
Harlingen, TX 78553
(956) 513-7633
(956) 391-2358
abogadajennifer956@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 26, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and was served on all counsel of record.

s// Jennifer Scarborough
Jennifer Scarborough
*pro se*
SDTX I.D. 3566791
Texas Bar No. 24106401
Law Firm of Jennifer Scarborough PLLC
P.O. Box 531888
Harlingen, TX 78553
(956) 513-7633
(956) 391-2358
abogadajennifer956@gmail.com